UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAVON L. CROCKETT-BERRY,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-616-JD-MGG

LINDA WAGONER, et al.,

    Defendants.

OPINION AND ORDER

Javon L. Crockett-Berry, a prisoner without a lawyer, filed a complaint stemming from a fee dispute between himself an Attorney Linda Wagoner. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Crockett-Berry has sued his former retained counsel, Linda Wagoner, and her law firm, in connection with her representation of him from 2008 through 2013. He alleges that she provided ineffective assistance of counsel and retaliated against him when he asked for a return of the paid attorney fees by recruiting another prisoner to kill the plaintiff. Crockett-Berry sued Attorney Wagoner in state court for the return of money he paid to her pursuant to an attorney fee agreement. Attorney James Hanson represented Attorney Wagoner in those proceedings, and Crockett-Berry has also sued Attorney Hanson and his law firm in connection with his representation of Attorney Wagoner. Additionally, Crockett-Berry has sued Attorney Robert W. Hammerle, a friend of Wagoner's who assisted her with her dispute with Crockett-Berry but claims he did not actually represent Wagoner. Crockett-Berry believes that his information was inappropriately shared between Attorney Wagoner and Attorneys Hanson and Hammerle. In this suit, brought pursuant to 28 U.S.C § 1983, Crockett-Berry alleges these defendants violated his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Contrary to Crockett-Berry's belief, neither the attorneys he has sued nor their law firms violated his federal constitutional rights. The Constitution only protects against acts of defendants

2

acting under color of state law. *Id.* Attorney Wagoner was not acting under color of law while representing Crockett-Berry and, similarly, neither Attorney Hanson nor Attorney Hammerle were acting under color of law while assisting Wagoner. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (A criminal defense attorney, even an appointed public defender, does not act under color of state law.). Consequently, the amended complaint presents no federal claim.[1]

Even if the defendants could be considered state actors, it appears that it is too late for Crockett-Berry to assert these claims. Indiana's two-year limitations period applies to his Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). He filed this lawsuit in August of 2018, more than 5 years after he requested that Wagoner return his fee.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass' n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

---

[1] Crockett-Berry brought similar claims in *Crockett-Berry v.* Wagoner, 3:18cv170 (filed on March 7, 2018). That case was dismissed when Crockett-Berry did not file an amended complaint by the deadline. He later sought to reopen the case, but his request was denied because reopening the case would have been futile. His proposed amended complaint did not state a claim because the defendants were not acting under color of state law. (ECF 18).

3

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on October 31, 2018

                                                        /s/ JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT